United States District Court
Southern District of Texas
**ENTERED**
June 28, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| HEATHER NUNEZ, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:22-cv-00433 |
| § | |
| RUBIN GOLD & ASSOCIATES INC., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

On July 27, 2023, United States District Judge Jeffrey V. Brown entered a default judgment in this matter in favor of Plaintiff Heather Nunez ("Nunez"). In the judgment, Judge Brown awarded Nunez "$1,000.00 in statutory damages for violations of the [Fair Debt Collection Practices Act], $3,179.25 in attorneys' fees, and $526.00 in costs, for a total of $4,705.25." Dkt. 11 at 2. To date, Defendant Rubin Gold & Associates Inc. ("Rubin Gold") has failed to satisfy the judgment. Nunez recently filed a Motion for a Judgment Debtor Examination. Dkt. 15. In that motion, Nunez seeks a "Judgment Debtor Examination of Angela Hall-Witherspoon," the President of Rubin Gold, so that Nunez "can identify specific assets, real and/or personal property of [Rubin Gold], which may be available to satisfy" the judgment. *Id.* at 4.

## DISCUSSION

The Federal Rules of Civil Procedure permit post-judgment discovery to identify a judgment debtor's assets "[i]n aid of the judgment or execution." FED. R. CIV. P. 69(a)(2). Specifically, the "judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *Id.* Thus, Rule 69 allows a party to choose whether to proceed with post-judgment discovery "according to the federal rules governing pre-trial discovery, or according to state practice." *Nat. Gas*

*Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1405 (5th Cir. 1993). "Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967).

Nunez does not indicate whether she seeks post-judgment discovery under the federal rules or the Texas rules. Either way, "[t]he scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). The usual rules governing the scope of pre-trial discovery apply with equal force to post-judgment discovery, whether such discovery is sought under the federal rules or the Texas rules. *See JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 255 (5th Cir. 2019) ("There is no difference between the standard of review of a pre-trial discovery order and that of a post-judgment discovery order."); *In re Potashnik*, No. 05-19-01188-CV, 2020 WL 1933796, at *2 (Tex. App.—Dallas Apr. 22, 2020, pet. denied) ("The usual rules governing the scope of pre-trial discovery apply to post-judgment discovery."). Under both sets of rules, parties may obtain discovery, subject to the trial court's discretion, regarding any matter that is not privileged and is relevant to any party's claim or defense. *See* FED. R. CIV. P. 26(b)(1); TEX. R. CIV. P. 192.3(a). Requests for production, interrogatories, and depositions fall within the permissible scope of post-judgment discovery.

As far as I can tell, Nunez has not attempted to utilize the normal discovery mechanisms to uncover any hidden or concealed assets of Rubin Gold. It is unclear why Nunez has not propounded requests for production, interrogatories, or deposition notices. Instead of pursuing these time-tested discovery tools, Nunez asks for a "Judgment Debtor Examination." Dkt. 15 at 1. She also asks that I order Ms. Hall-Witherspoon to produce 15 categories of documents at this examination.

Before reading Nunez's motion, I had never come across the term "judgment debtor examination" in my 30 years as a lawyer and a federal judge. And for good reason. There is no such thing as a "judgment debtor examination" under federal

law or Texas law. Indeed, neither the federal rules nor Texas rules contain the words "judgment debtor examination" anywhere in their text.

My research indicates that some states have implemented supplementary proceedings, including one known as a judgment debtor examination, to help a judgment creditor discover assets of the judgment debtor that may be applied to satisfy a judgment. A judgment debtor examination, however, "should not be confused with the postjudgment discovery process." James J. Brown, *Judgment Enforcement* § 4.01 (3d ed. Supp. 2024). A judgment debtor examination is "much more than discovery because the court can require the debtor or third parties to appear before the court at a hearing and comply with one or more orders that will facilitate the collection of a judgment." *Id.* A number of states provide for a judgment debtor examination. In California, for example, a "judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." CAL. CIV. PROC. CODE § 708.110(a). But, critical to this discussion, Texas has no similar statutory scheme creating a judgment debtor examination. *See Jung v. Accredited Mgmt. Sols. LLC*, No. CIV. A. H-20-487, 2020 WL 7263186, at *2 (S.D. Tex. Dec. 9, 2020) (observing that "many states provide for judgment debtor examinations but not Texas"). "Because neither [the federal rules nor the Texas rules] provide for a judgment debtor examination, [I am] unable to order one, and so [Nunez]'s motion must fail." *Id.* (denying a motion for a judgment debtor examination brought by the same Illinois lawyer as in the instant case).

"This does not mean, however, that [Nunez] will be unable to conduct a broad inquiry to identify [Rubin Gold]'s assets." *Id.* She can pursue requests for production, interrogatories, and deposition testimony—all avenues for post-judgment discovery allowed by the federal rules and Texas rules. In the event Rubin Gold fails to adequately respond to those discovery requests, Nunez can move this court to compel discovery under Rule 37. That is the proper procedure

3

to follow in seeking post-judgment discovery to facilitate the collection of a judgment in Texas.

## CONCLUSION

For the reasons set forth above, Nunez's Motion for a Judgment Debtor Examination (Dkt. 15) is **DENIED**.

SIGNED this 28th day of June 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE